**Marcus L. SANDERS, Appellant,**

**v.**

**STATE of Indiana, Appellee.**

**Court of Appeals Case No. 49A05-1605-CR-971.**

Supreme Court of Indiana.

June 30, 2017.

### Published Order

This matter has come before the Indiana Supreme Court on a petition to transfer jurisdiction, filed pursuant to Indiana Appellate Rules 56(B) and 57, following the issuance of a decision by the Court of Appeals. The Court has reviewed the decision of the Court of Appeals, the submitted record on appeal, and heard oral argument. All briefs filed in the Court of Appeals and materials filed in connection with the request to transfer jurisdiction have been made available to the Court for review. Each participating member has had the opportunity to voice that Justice's views on the case in conference with the other Justices, and each participating member of the Court has voted on the petition.

Because the Court is evenly divided on whether to grant or deny transfer, the petition to transfer is deemed DENIED. *See* Ind. Appellate Rule 58(C).

Massa, J. and Slaughter, J., vote to deny transfer.

David, J., dissents to the denial of transfer with separate opinion in which Rush, C.J., joins.

Rush, C.J., concurs.

David, J., dissenting.

I respectfully dissent from the denial of transfer in this case because I believe that Sanders' Article 1, Section 11 rights were violated. While the level of intrusion was low, the degree of concern and law enforcement needs in this case were equally low. Thus, I would grant transfer and reverse the trial court, finding it should have granted Sanders' motion to suppress.

Here, a Marion County Sheriff's Deputy was working as a courtesy officer for an apartment complex in Indianapolis. He watched a vehicle strike a curb twice while moving from one spot to another. He decided to do a "welfare check" of the driver. As he approached the vehicle, Sanders began to exit. The Deputy ordered him to remain in the vehicle. Sanders complied and left his door open. The Deputy then noticed a baggie containing a green leafy substance and he suspected it was contraband. Later testing confirmed it was marijuana, and Sanders was charged. During trial, Sanders moved to suppress the marijuana. The trial court denied Sanders' motion and found him guilty as charged. He appealed, and our Court of Appeals affirmed the trial court. I disagree with the lower courts.

The text of Article 1, Section 11 of the Indiana Constitution is similar to that of the Fourth Amendment. However, we conduct a separate, independent inquiry focusing on whether the police conduct was "reasonable under the totality of the circumstances." State v. Washington, 898 N.E.2d 1200, 1205-06 (Ind. 2008). In evaluating reasonableness, we consider three factors: "1) the degree of concern, suspicion, or knowledge that a violation has occurred, 2) the degree of intrusion the method of the search or seizure imposes on the citizen's ordinary activities, and 3) the extent of law enforcement needs." Litchfield v. State, 824 N.E.2d 356, 361 (Ind. 2005).

Here, admittedly, the level of intrusion to Sanders was low because his person was not searched and the baggie seems to have been easily visible without a search of his vehicle. However, this Court has long held that Section 11 "must be liberally construed to protect Hoosiers from unreasonable police activity in private areas of their lives." State v. Gerschoffer, 763 N.E.2d 960, 965 (Ind. 2002) (emphasis added) (citing Brown v. State, 653 N.E.2d 77 (Ind. 1995)).

Moreover, while the Court of Appeals found that the degree of concern in this case was high because Sanders *may* have been impaired and *could* have returned to the road and put others at risk, this conclusion is speculative and does not seem to be supported by the record. Instead, Sanders was parking his car and exiting it when the Deputy approached him. Further, it is not clear that hitting the curb, alone, is indicia of impairment rather than simply poor driving. It seems to me that the notion that the Deputy was investigating drunk driving was merely an afterthought. Similarly, it does not seem that law enforcement needs were high considering that this all occurred in a private parking lot and Sanders was exiting his vehicle.

Had the officer instead approached Sanders and asked if everything was okay and then observed the contraband, we would be in a different situation. But here, police approached Sanders and ordered him to remain in his vehicle, transforming the situation from a consensual encounter to an unlawful seizure.

As counsel for Sanders aptly noted: "[i]f striking a curb twice while pulling into a parking space gives rise to concern that someone is driving intoxicated, so too would many other common parking lot driving behaviors such as stopping abruptly or backing up to take a recently vacated parking space and the difficulty drivers encounter in parallel parking." (Pet. to Trans. at 9.) I agree. Bad parking alone is just not enough.

I would reverse the trial court.